Leo SHOENHOLZ, Appellant,

v.

Arthur S. FLEMMING, Secretary of Health, Education and Welfare, (Abraham A. Ribicoff, Secretary of Health, Education & Welfare substituted as party appellee in the place and stead of Arthur S. Flemming, resigned), Appellee.

No. 18848.

United States Court of Appeals
Fifth Circuit.

Oct. 31, 1961.

Ben Ferrell Mitchell, Cleveland, Miss., for appellant.

B. Euple Dozier, Asst. U. S. Atty., H. M. Ray, U. S. Atty., Oxford, Miss., for appellee.

Before RIVES, CAMERON and BROWN, Circuit Judges.

PER CURIAM.

This appeal is from a summary judgment affirming a final decision of the Secretary of Health, Education and Welfare that the appellant was not entitled to the old-age insurance benefits for which he applied. The Hearing Examiner of the Social Security Administration found that the claimant did not materially participate in the production or management of production of farm commodities in the calendar years 1956 and 1957 as contemplated by Section 211(a) (1) of the Social Security Act, 42 U.S.C.A. § 411(a) (1). Since the decision of the Secretary and its affirmance by the district court were prior to the decision of this Court in Henderson v. Flemming, 1960, 283 F.2d 882,[1] the appellee requests that the case be remanded to the Secretary for reconsideration in the light of later judicial decisions. The appellant insists that the case should be reversed and remanded with instructions to grant the benefits applied for by the claimant.

After a full reading of the record, and a consideration of the Hearing Examiner's Decision in the light of the later judicial decisions, and in view of the importance of carefully considered precedents in this developing field, we think that the course requested by the appellee is more consistent with sound judicial administration. It is therefore ordered that the decision of the Secretary be vacated, and that the cause be remanded to the Secretary for reconsideration in the light of later judicial decisions, and upon the evidence already taken and any additional relevant evidence which may be introduced.

Reversed and remanded.

1. See, also, Harper v. Flemming, 4 Cir., 1961, 288 F.2d 61; Conley v. Ribicoff, 9 Cir., 294 F.2d 190; Foster v. Flemming, D.C.N.D.Iowa 1960, 190 F.Supp. 908.